# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF DOUGLAS W. NICHOLSON, BAR NO. 3654. | No. 78799 |

FILED

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Douglas W. Nicholson. Under the agreement, Nicholson admitted to violating RPC 1.3 (diligence) and RPC 3.2 (expediting litigation) and agreed to a two-year suspension, stayed for two years, subject to certain conditions.

Nicholson admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that Nicholson violated the above-listed rules by failing to respond to repeated district court orders directing him to file documents and appear in a probate case and by failing to promptly handle another client's matter. The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating

19-38218

or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Nicholson has admitted to negligently engaging in a pattern of neglect and violating duties owed to his clients and to the legal system. Nicholson's actions injured the legal system and risked potential injury to one of his clients. Based on the most serious instance of misconduct, Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2018) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations . . . ."), the baseline sanction before considering aggravating or mitigating factors is a reprimand, *id.* at Standard 4.43 ("Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."). The record supports the panel's finding of three aggravating factors (substantial experience in the practice of law, prior discipline, and a pattern of misconduct) and four mitigating factors (imposition of other penalties or sanctions, absence of a dishonest or selfish motive, a cooperative attitude toward the proceedings, and remorse). The panel concluded, and Nicholson agreed, that the aggravating factors warranted an upward deviation from the baseline sanction. Considering the relevant factors, we conclude that the agreed-upon discipline is sufficient to serve the purpose of attorney discipline.

Accordingly, we hereby suspend attorney Douglas W. Nicholson from the practice of law for two years from the date of this order, stayed for two years, and subject to certain conditions. During the two-year stay, Nicholson shall have no grievances resulting in actual discipline and shall

regularly continue to see a therapist. Nicholson shall comply, if he has not already, with the district court's December 24, 2018, order addressing sanctions by completing the pro bono hours or paying the monetary sanctions. Within 90 days of the date of this order, Nicholson shall provide the Office of Bar Counsel a succession plan for his law practice. Furthermore, 90 days after the date of this order, Nicholson shall file a report with the Office of Bar Counsel identifying (1) that he is continuing to engage in the practice of law, (2) that he continues to be reasonably competent to attend to clients and is reasonably attending to clients and matters, and (3) the dates on which he met with his therapist in the preceding 90 days. Nicholson must file such reports every 90 days during the stayed suspension and they shall be counter-signed by Nicholson's therapist and John Huffman, Esq., to confirm that the reports' assertions are true and correct to the best of their personal knowledge. Nicholson shall refund $2,400 to client Constance Nelson within 180 days from the date of this order. Finally, Nicholson shall pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                              Douglas

---

[1]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Chair, Northern Nevada Disciplinary Board
Douglas W. Nicholson
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court